IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3171-D

MICHAEL B. DORSEY, JR.,          )
                                 )
            Plaintiff,           )
                                 )
      v.                         )          **ORDER**
                                 )
BRICK TRIPP,                     )
                                 )
            Defendant.           )

On July 17, 2013, Michael B. Dorsey, Jr. ("Dorsey" or "plaintiff"), proceeding pro se, filed

a complaint alleging denial of medical treatment in violation of his Eighth Amendment rights [D.E.

1]. Dorsey seeks leave to proceed in forma pauperis [D.E. 5]. On July 17 and 26, 2013, Dorsey filed

motions for a preliminary injunction or temporary restraining order [D.E. 2, 4]. On August 14, 2013,

in response to a court order by Magistrate Judge William A. Webb [D.E. 3], Dorsey refiled his

complaint on the forms prescribed for use in this district [D.E. 8], together with several exhibits

[D.E. 8-1]. On August 16, 2013, Dorsey moved to expedite review of his complaint and for a cease

and desist order [D.E. 9, 10].

When an inmate seeks relief in a civil action from a governmental entity or officer, a court

must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon

which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A case is frivolous if it "lacks an

arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally

frivolous claims are based on an indisputably meritless legal theory and include claims of

infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th

Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke,

490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

When Dorsey filed the complaint, he was incarcerated at Rivers Correctional Institution in Winton, North Carolina ("Rivers"). Compl. [D.E. 1] 1. Dorsey alleges that he needs "a serious medical operation on his knee" and was transferred from a Maryland state prison to Rivers, where "officials, Warden Tripp included, vowed to not allow the operation to be performed." Id. at 1–2; see Am. Compl. [D.E. 8] 3–4. Dorsey asserts deprivations of his Eighth Amendment rights, and seeks declaratory and injunctive relief as well as compensatory and punitive damages in the amount of $250,000. Compl. 2–3; Am. Compl. 3–4.

Rivers is "a privately run facility in North Carolina operated by the GEO Group, Inc. under contract with the federal Bureau of Prisons." Holly v. Scott, 434 F.3d 287, 288 (4th Cir. 2006). As this court noted in 2008, "courts in this district have repeatedly held, and the Fourth Circuit has agreed, that private individuals who work as employees for [privately-operated prisons] are not subject to liability under Bivens." Holly v. Christensen, No. 5:07-CT-3134-D, 2008 WL 956722, at *4 (E.D.N.C. Apr. 8, 2008) (unpublished) (collecting cases). The Supreme Court's decision in

2

Minneci v. Pollard, 132 S. Ct. 617, 623–26 (2012), confirmed this court's observation. Thus, Dorsey's constitutional claim against Warden Tripp is frivolous.

Alternatively, Dorsey has not demonstrated how Warden Tripp was personally involved in or even aware of any decision concerning his medical care. For example, Dorsey attaches to his complaint two grievance responses signed by individuals who are not Warden Tripp. Thus, Dorsey names Tripp as defendant based on his supervisory position. However, "[i]n a . . . Bivens action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677; Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Thus, Dorsey fails to state a claim upon which relief can be granted.

As for Dorsey's motions for preliminary injunction or temporary restraining order [D.E. 2, 4, 10], the substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

3

Dorsey has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Dorsey has failed to meet his burden of proof. Accordingly, the court denies the motions for a preliminary injunction.

In sum, the court DENIES Dorsey's motions for preliminary injunction or a temporary restraining order [D.E. 2, 4, 10], DISMISSES the complaint as frivolous under 28 U.S.C. § 1915A, and DENIES AS MOOT the motion to expedite [D.E. 9]. The clerk shall close the case.

SO ORDERED. This 17 day of February 2014.

JAMES C. DEVER III
Chief United States District Judge

4